## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO:

WILLIAM RENTSCHLER, and all others
similarly situated under *29 U.S.C. § 216(b)*,

    Plaintiff(s),

    v.

WESTCOAST COMMUNICATION SERVICES INC.,
a Florida Corporation;
SENTINEL SECURITY SYSTEMS, INC.,
a Florida Corporation
IMRAN KAMADIA, individually, and
LISA BOWLES, individually,

    Defendants.

_____/

### COLLECTIVE ACTION COMPLAINT

Plaintiff, WILLIAM RENTSCHLER ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Collective Action Complaint against Defendants, WESTCOAST COMMUNICATION SERVICES INC., ("WCS"), SENTINEL SECURITY SYSTEMS, INC., ("SSS"), LISA BOWLES ("BOWLES"), individually, and IMRAN KAMADIA ("KAMADIA"), individually (collectively referred to hereinafter as "Defendants"), and alleges as follows:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff, and all others similarly situated, of federal overtime compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover

all wages owed to Plaintiff, and all others similarly situated, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the Middle District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, WCS, was a Florida corporation located and transacting business within Jacksonville, Florida, within the jurisdiction of this Honorable Court. WCS operates its principal location at 6702 Benjamin Road, Suite 600, Tampa, Florida, 33634.

4. During all times material hereto, Defendant, SSS, was a Florida corporation transacting business within the Jacksonville, Florida, within the jurisdiction of this Honorable Court. SSS's principal location is the exact same location as WCS, at 6702 Benjamin Road, Suite 600, Tampa, Florida, 33634.

5. During all times material hereto, Defendant KAMADIA, was over the age of 18 years, and was an owner and operator of WCS vested with ultimate control and decision-making authority over WCS's hiring, firing, and pay practices.

6. During all times material hereto, Defendant, KAMADIA, was the owner and operator of SSS within Florida vested with ultimate control and decision-making authority over SSS's hiring, firing, and pay practices.

7. During all times material hereto, Defendant, KAMADIA, was the registered agent of both corporate Defendants - WCS and SSS.

8. During all times material hereto, Defendant, KAMADIA, was the President and Treasurer of both corporate Defendants - WCS and SSS.

9. During all times material hereto, Defendant, KAMADIA controlled the day to day operations of both corporate Defendants - WCS and SSS.

10. During all times material hereto, Defendant, BOWLES, was and is a resident of the Middle District of Florida and was the human resources director of WCS within Florida.

11. During all times material hereto, Defendant, BOWLES, was also the human resources director of SSS within Florida.

12. During all times material hereto, Defendant, BOWLES, was vested with authority to hire, fire and reprimand WCS employees, and to oversee and implement WCS's pay practices.

13. During all times material hereto, Defendant, BOWLES, was also vested with control and decision-making authority over the hiring, firing, and pay practices for Defendant, SSS.

14. Defendant, WCS was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

15. Defendant, SSS, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

16. Defendant, KAMADIA, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

17. Defendant, BOWLES, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

18. Defendants hired Plaintiff to work in Jacksonville, Florida, and the acts giving rise to this Action took place within the jurisdiction of this Honorable Court.

19. Defendants, WCS and SSS are headquartered and regularly transacts business at 6702 Benjamin Road, Suite 600, Tampa, Florida, 33634, and jurisdiction is therefore proper

within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

20. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

**GENERAL ALLEGATIONS**

21. Defendant, SSS, specializes in providing residential and commercial security systems, fire alarm protection, and other related solutions. *See* http://sentinelsyst.com/services/ (last visited April 29, 2020). Defendant, SSS, also provides cabling, computer & network, business telephone systems, CCTV, burglar alarm systems, access control, managed IT, and "full project delivery" throughout the state of Florida. *Id.*

22. Defendant, WCS, "services Florida and beyond assisting clients in *all* of their communication related needs." *See* http://westcoastcomm.com/about-westcoast-communication/ (emphasis added) (last visited April 29, 2020). Further, WCS also provides cabling services, security camera installation and CCTV, Business telephone systems, access control, managed IT, burglar alarm systems, and other safety and security services. *See Id.*

23. Defendants, SSS and WCS provide the same or substantially similar services to their shared clients and customers throughout the state of Florida.

24. Defendants, SSS and WCS share employees, tools and personnel to run their joint business operations throughout the State of Florida.

25. In March 2018, Defendant, SSS hired Plaintiff as a technician. However, immediately after SSS hired Plaintiff, WCS employees began to supervise and control Plaintiff on a regular and recurrent basis. Further, Defendant SSS required Plaintiff to perform his duties with

WCS employees. In addition, Plaintiff was required to direct all human resources and accounting inquiries concerning his employment with SSS and WCS to WCS employees.

26. Defendants compensated Plaintiff $19.00 per hour.

27. In or around December 2018, Defendants changed Plaintiff's compensation structure from an hourly basis to salary basis and changed Plaintiff's job title to "Field Manager." However, Plaintiff's job duties as a field manager were identical to his job duties as a technician and Plaintiff therefore remained a non-exempt employee under the FLSA.

28. Plaintiff lacked the authority to hire, fire, or reprimand any employees during his employment with Defendants.

**FLSA COVERAGE**

29. Defendant, WCS, is covered under the FLSA through enterprise coverage, as WCS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, WCS was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, WCS's business and Plaintiffs' work for WCS affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

30. During his employment with Defendant, WCS, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, cables, vans, automobiles, wirings, security cameras, fire alarms, cash registers, security systems, telecommunication equipment, burglar alarm equipment and systems, pens, notepads, computers, cellular telephones, order forms, and other office related items.

31. Defendant, WCS, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, WCS's business an enterprise covered by the FLSA.

32. Defendant, WCS, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

33. Defendant, SSS, is covered under the FLSA through enterprise coverage, as SSS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, SSS was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, SSS's business and Plaintiffs' work for SSS affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

34. During his employment with Defendant, SSS, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, cables, vans, automobiles, wirings, security cameras, fire alarms, cash registers, security systems, telecommunication equipment, burglar alarm equipment and systems, pens, notepads, computers, cellular telephones, order forms, and other office related items.

35. Defendant, SSS, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as the goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, SSS's business an enterprise covered by the FLSA.

36. Upon information and belief, Defendant, SSS, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

37. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently installed, programed, and performed maintenance work on telephone systems, computer systems, security systems, and processing systems which were regularly and recurrently used in interstate commerce.

## JOINT ENTERPRISE COVERAGE

38. During all times material hereto, Defendants WCS and SSS performed substantially related activities, as both corporate entities focused their operation on providing cabling services, computer & network services, business telephone system installations and maintenance, security system installations and maintenance, fire alarms system installations and maintenance, and managed IT.

39. Defendants, WCS and SSS used central management and/or common control to effectuate the business needs and goals of both entities.

40. Moreover, Defendants, WCS and SSS were engaged in offering substantially the same or similar cabling, computer, telephone, and security services and products to their customers.

41. Defendants, WCS and SSS also shared a common business purpose during all times material hereto.

42. Defendant, WCS relied upon SSS's assistance in its operations and vice-versa.

43. Supervisors for WCS managed and supervised SSS employees, and vice-versa.

44. Upon information and belief, the gross revenue of Defendants, WCS and SSS, was collectively in excess of $500,000.00 in 2017, 2018, 2019, and are expected to collectively gross in excess of $500,000.00 in 2020.

45. Defendants, SSS and WCS intermingle resources, finances, employees and supplies to provide services to their clients.

46. One of Plaintiff's supervisors - Patrick Cahill - performs sales and management duties for both SSS and WCS and assigned and otherwise directed and controlled Plaintiff, and other SSS and WCS employees during the relevant time period.

47. SSS and WCS employ and use the same dispatchers for their technicians and field managers.

48. On their respective websites and sunbiz pages, Defendants, SSS and WCS both identify 6702 Benjamin Road, Tampa Florida, 33634 as their principal place of business. SSS and WCS operate together out of this shared address in furtherance of their joint enterprise.

49. Moreover, the individual Defendant, KAMADIA, has common ownership and control over the Corporate Defendants.

50. More specifically, individual defendant, KAMADIA, is the registered agent, President, and Treasurer of both Corporate Defendants.

51. The Vice President and Secretary of both Corporate Defendants is an individual named Thomas Reinhard.

52. Individual defendant, BOWLES, is the Human Resources Director for both Corporate Defendants.

53. Defendant, BOWLES, regularly manipulated the time records for Plaintiff and all others similarly situated during the relevant time period.

54. Plaintiff's payroll records during the relevant time period do not accurately reflect the hours actually worked by Plaintiff.

55. During all time periods hereto, Defendants, KAMADIA and BOWLES, maintained control over the day-to-day operations of WCS and SSS, including the payroll, human resources, hiring, firing, and scheduling duties.

## FLSA VIOLATIONS

56. During Plaintiff's employment, the Defendants, WCS, SSS, KAMADIA, and BOWLES, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with the overtime provisions under federal law.

57. Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff needed to perform, specifically instructed Plaintiff what to do on job sites, and specifically instructed Plaintiff when he had to arrive at job sites and when he could leave job sites.

58. Defendants were also collectively responsible for creating and implementing the pay policy that is at issue in this case.

59. During Plaintiff's employment period, he worked between sixty (60) and one hundred (100) hours per week.

60. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week.

61. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

62. During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records as required by the FLSA.

63. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff, and all other similarly situated, their lawful (and hard-earned) wages.  Plaintiff, and all others similarly situated, are therefore entitled to liquidated damages under the FLSA.

64. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

65. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA

### COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – *29 U.S.C. § 207*
### (against All Defendants)

66. Plaintiff re-avers and re-alleges Paragraphs 1 through 64 above, as though fully set forth herein.

67. Plaintiff performed work for Defendants for which he should have received time-and-one-half for work excess of forty (40) per week.

68. Plaintiff also performed work for Defendants for which he should have received half-time his regular hourly rate for work excess of forty (40) per week.

69. Plaintiff worked approximately sixty (60) to one hundred (100) hours per week during his employment period with Defendants.

70. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

71. To date, Defendants have not properly paid Plaintiff all of his overtime as required by the FLSA.

72. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, WILLIAM RENTSCHLER, demands judgment against Defendants, WESTCOAST COMMUNICATION SERVICES INC., SENTINEL SECURITY SYSTEMS, INC., IMRAN KAMADIA, individually, and LISA BOWLES, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM RENTSCHLER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of May 2020.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 E. Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff, William Rentschler*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        MELISSA SCOTT, ESQUIRE
        Florida Bar No. 1010123
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        *Jordan@jordanrichardspllc.com*
        *Melissa@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 4th day of May, 2020.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

**SERVICE LIST:**