UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:20-CV-0456-MMH-PDB

WILLIAM RENTSCHLER,

    Plaintiff,

v.

WESTCOAST COMMUNICATION SERVICES,
INC., SENTINEL SECURITY SERVICES, INC.,
LISA BOWLES, and IMRAN KAMADIA

    Defendants
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, William Rentschler ("Plaintiff") and Westcoast Communication Services, Inc. ("Westcoast"), Sentinel Security Systems, Inc. ("Sentinel"), Lisa Bowles ("Bowles"), and Imran Kamadia ("Kamadia"), (collectively "Defendants") (Plaintiff and Defendants collectively the "Parties"), by and through their respective undersigned counsel, file this Joint Motion for Approval of Settlement Agreement, as follows:

### I.  BACKGROUND

On May 4, 2020, Plaintiff, WILLIAM RENTSCHLER ("Plaintiff"), filed his Complaint against Defendants for overtime violations under the Fair Labor Standards Act ("FLSA"). *D.E. 1*. On June 22, 2020, without receiving any payroll or time records from Defendants, Plaintiff filed his Notice of Serving Interrogatories with the Court. *D.E. 18.* Defendants responded on August 5, 2020 and provided Plaintiff with hundreds of documents that assisted Plaintiff to revise his damage calculation. *D.E.* 22. After extensive review of these documents, and lengthy negotiations regarding FLSA exemption and Plaintiff's alleged entitlement to overtime wages, the Parties

reached a resolution of the disputed wages owed to the Plaintiff at mediation. As part of their resolution, Defendants have agreed to pay Plaintiff in accordance with the Settlement Agreement attached as Exhibit "A".

The Parties now respectfully request that this Honorable Court review resolution of Plaintiff's unpaid wage claims pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). A fully executed copy of the settlement agreement and declarations of each of Plaintiff's time keepers is attached as Exhibits "A," "B," "C" and "D."[1] The Parties respectfully request that this Honorable Court approve the terms set forth therein, dismiss this case with prejudice, and retain jurisdiction for sixty (60) days to enforce the terms of the agreement.

## II.    MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc., 679 F.2d at 1352. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.* When employees bring a private action for back wages under the FLSA, and present to the court a proposed settlement, the court may enter a stipulated judgment

---

[1] Defendants support of this Motion for Approval does not constitute support with the statements made in Plaintiff's counsel's declarations.

"after scrutinizing the settlement for fairness." *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

If a settlement in an FLSA dispute reflects a reasonable compromise over disputed issues, such as FLSA exemption or computation of back wages, the district court is permitted to approve the settlement in order to promote the policy of encouraging settlement of litigation. *See, e.g.,* Lynn's Food Stores, Inc., 679 F.2d at 1353; *see also* Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); *see also* Arnold v. Eisman & Russo, Inc., 2020 WL 4740518 at *4-5 (M.D. Fla. May 1, 2020) (Barksdale, J.) (Judge Barksdale explaining that the Court should "presume a settlement is fair and reasonable.").

The Parties have contemporaneously submitted their fully executed written settlement agreement with the Court. *See Exhibit A.* Although Defendants contend that Plaintiff is exempt under the FLSA, and dispute any liability whatsoever, they have agreed to pay Plaintiff a significant amount of the overtime and liquidated damages that he claims to be owed. *Id.* If Plaintiff had proceeded to a trial, a jury could have determined that he was exempt, in which case he would recover nothing. Furthermore, there is no collusion or any other policy reason for denying approval of the Parties' Settlement Agreement. *See* Arnold, 2020 WL 4740518 at 5 (recommending approval of settlement agreement when there was a genuine dispute regarding liquidated damages and when the Court found there was no collusion) (Barksdale, J.). The

undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties.[2]

The Parties jointly submit that the settlement agreement attached hereto is a fair and reasonable resolution of the dispute between the Parties, and respectfully request that this Court approve the Settlement and enter a dismissal of this case **with prejudice**.

### III.   CONCLUSION

WHEREFORE, Plaintiff, WILLIAM RENTSCHLER, and Defendants, WESTCOAST COMMUNICATION SERVICES, INC., SENTINEL SECURITY SYSTEMS, INC., LISA BOWLES, and IMRAN KAMADIA, respectfully request that this Honorable Court enter an order: (a) granting the Joint Motion for Approval of Settlement Agreement and dismissing this case with prejudice, (b) reserving jurisdiction for sixty (60) days to enforce the settlement agreement, and entering any and all such further relief as may be deemed just and equitable under the circumstances.

### LOCAL RULE 3.01(g) CERTIFICATE

**I HEREBY CERTIFY** that Counsel for Plaintiff conferred with Counsel for Defendant regarding the relief requested in this Motion, all of whom jointly seek such relief.

**Dated this 6th day of November 2020.**

| | |
|---|---|
| **ALLEN NORTON & BLUE**<br>*Counsel for Defendants*<br>Hyde Park Plaza - Suite 225<br>324 South Hyde Parke Avenue<br>Tampa, FL 33606-4127<br>Telephone: (813) 251-1210 | **USA EMPLOYMENT LAWYERS**<br>**JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>805 E. Broward Blvd. Suite 301<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 871-0050 |

---

[2] This Honorable Court has previously held that an FLSA settlement agreement that is entered into with both sides represented by counsel is more likely to reflect a reasonable compromise over the disputed issues." *See* Arnold, 2020 WL 4740518 at 5.

4

| | |
|---|---|
| By:/s/ *Carly D. Stein.* <br> **CARLY D. STEIN, ESQUIRE** <br> Fla. Bar No. 118005 <br> **DAVID J. STEFANY, ESQUIRE** <br> Fla. Bar No. 0438995 <br> *cstein@anblaw.com* <br> *dstefany@anblaw.com* <br> *cwilson@anblaw.com* | By:/s/ *Jake S. Blumstein, Esq.* <br> **JORDAN RICHARDS, ESQUIRE** <br> Fla. Bar No. 108372 <br> **MELISSA SCOTT, ESQUIRE** <br> Fla. Bar No. 1010123 <br> **JAKE BLUMSTEIN, ESQUIRE** <br> Florida Bar No. 1017746 <br> *jordan@jordanrichardspllc.com* <br> *melissa@jordanrichardspllc.com* <br> *jake@jordanrichardspllc.com* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF and served on all counsel below on November 6, 2020.

By: */s/ Jake Blumstein, Esq.*
JAKE BLUMSTEIN, ESQ.
Fla Bar No. 1017746

## SERVICE LIST

**CARLY STEIN, ESQUIRE**
Fla Bar No. 118005
**DAVID J. STEFANY, ESQUIRE**
Fla. Bar No. 0438995
Cstein@anblaw.com
dstefany@anblaw.com
tcarnevalini@anblaw.com
**ALLEN NORTON & BLUE, P.A.**
324 S. Hyde Park Ave, Suit 225
Tampa, FL 33606-4128
(813) 251-1210
*Counsel for Defendants*